Tully v. Spicer                                                                                                   Doc. 5

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2007

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS TULLY, ) | |
|     Plaintiff, ) | Civil Action No. 7:07-CV-00188 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| NICOLE M. SPICER, et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

Plaintiff Thomas Tully, an inmate at the Northwestern Regional Adult Detention Center ("NRADC") in Winchester, Virginia, brings this pro se action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that defendants Nicole M. Spicer, Melissa Rice, Fred Hildebrand, Gene Boyce, and Lisa Hoskins conspired to have him removed from the inmate work force. Plaintiff requests damages in excess of five million dollars and that each respondent "be sentenced to the Federal Bureau of Prisons" for at least ten years. The court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, the court will dismiss this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I.

Plaintiff alleges that on May 30, 2006, he was contacted by Officer Gene Boyce, the "telephone overseer" at NRADC. Boyce informed plaintiff that Melissa Rice, the Director of the Frederick County Victim/Witness Program,[2] had contacted NRADC officials. Ms. Rice claimed that, over the 2006 Memorial Day weekend, plaintiff had threatened Lisa Hoskins over the telephone

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] Apparently, this program is a joint effort between the Office of the Commonwealth's Attorney and the Sheriff of Frederick County. Plaintiff fails to describe how Ms. Spicer participated in the alleged conspiracy. He merely states that Nicole M. Spicer and Melissa Rice "are emploied [sic] with the same governmental functions."

in violation of a protective order. According to plaintiff, Officer Boyce stated that he was going to review the relevant telephone records "with the anticipation of finding some type of wrong doing [sic] by the plaintiff." With the approval of NRADC supervisor Fred Hildebrand, Officer Boyce listened to a recording of the allegedly threatening telephone call. Subsequently, plaintiff was removed from the inmate work-force. However, plaintiff states that Officer Boyce "did not find any wrong doing [sic] by the plaintiff in the form of threatening telephone calls." "Nor," plaintiff adds, "was there a Court Ordered Protective Order in affect [sic] at the time of this incident."

## II.

Plaintiff contends that the defendants violated his constitutional rights when they "conspired to act as a VIGILANTE group in their self-served [sic] Persecution of plaintiff through the LIES that they manufactured to obtain plaintiff's telephone records which created the desired responce [sic] of plaintiff being removed from the Inmate Work-force."

Plaintiff's claim must fail. An inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected constitutional right. See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (opining that inmates have no constitutional right to be assigned to a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (concluding that the Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); Bryan v. Werner, 516 F.2d

233, 240 (3d Cir. 1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection). In sum, inmates have no independent constitutional right to job opportunities while incarcerated; prison officials may generally terminate an inmate from his job for any reason without offending constitutional principles.[3] See Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (applying Sandin v. Conner, 515 U.S. 472, 484 (1995) (a prisoner's liberty "interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life")).[4]

Accordingly, plaintiff's claim must be dismissed.

### III.

For the stated reasons, plaintiff's complaint will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

ENTER: This  19th  day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff failed to allege a discriminatory motive in the decision to terminate him from his prison job as required to show a violation of the Fourteenth Amendment's Equal Protection Clause. See Castaneda v. Partida, 430 U.S. 482, 493 (1977); Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66 (1977). Prisoners are not a suspect class. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). Plaintiff's conclusory allegation that "Equal Protection of the Law was denied to the plaintiff when the jail administration allowed [defendants] to dictate their desire to harass plaintiff any way they choose [sic]" is insufficient to state a claim of discriminatory intent. See Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974).

[4] The court notes that plaintiff alleges that being removed from the inmate work force has caused him to lose the ability to accrue good time credits. However, he does not allege that he actually lost any good time credits. Thus, his situation does not present a case in which the complained-of action "will inevitably affect the duration of his sentence." See Sandin, 515 U.S. at 487; see also Bulger, 65 F.3d at 50. No liberty interest is at issue here.